People v Greene (2019 NY Slip Op 03146)





People v Greene


2019 NY Slip Op 03146


Decided on April 25, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2019

Sweeny, J.P., Manzanet-Daniels, Tom, Kapnick, Moulton, JJ.


9098 3545/14

[*1]The People of the State of New York, Respondent,
v
Jaered Greene, Defendant-Appellant.


Justine M. Luongo, The Legal Aid Society, New York (Natalie Rea of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Felicia A. Yancey of counsel), for respondent.



Order, Supreme Court, Bronx County (Eugene Oliver, Jr., J.), entered on or about June 16, 2016, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court providently exercised its discretion when it declined to grant a downward departure (see People v Gillotti, 23 NY3d 841 [2014]). The fact that the victim's lack of consent was due only to an inability to consent by virtue of age did not result in an overassessment of points under the applicable risk factors (see People v Fryer, 101 AD3d 835, 836 [2d Dept 2012], lv denied 20 NY3d 859 [2013]; People v Wyatt, 89 AD3d 112, 129-130 [2d Dept 2011], lv denied 18 NY3d 803 [2012]). There was a 12-year age disparity between defendant and the victim, and this was not defendant's first offense based on sexual contact with a minor. Furthermore, defendant's claim that he did not know the victim was underage was contradicted by the victim's grand jury testimony. Similarly, there was no overassessment for defendant's prior conviction of endangering the welfare of a child, because that conviction was based on virtually the same conduct as the current conviction, that is, nonforcible sexual intercourse with an underage victim.
Defendant also failed to establish that his response to sex offender treatment warranted a departure, and the other mitigating factors cited by defendant were adequately taken into account by the risk assessment instrument. We have considered and rejected defendant's remaining arguments.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 25, 2019
CLERK